UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT FORT CAMPBELL
VIOLATION NUMBERS KW11-E1063551 AND KW11-E1065383

5:22-PO-235-LLK

**UNITED STATES OF AMERICA**                                             **PLAINTIFF**

v.

**BRADLEY SOLYAN**                                                       **DEFENDANT**

### OPINION AND ORDER

This matter is before the Court on Defendant's motion to prohibit any trial "testimony of the officers regarding the incidents which occurred at Gate 4 on November 14, 2020" due to loss of potentially exculpatory evidence by Fort Campbell authorities, to which the United States responded in opposition.

For the reasons below, the Court will DENY Defendant's motion.

### Background facts and procedural history

On November 14, 2020, at or near Gate 4, military police asked Defendant to exit his vehicle and perform field sobriety testing. Defendant allegedly failed the testing, which gave authorities probable cause to arrest him for blood alcohol testing, which revealed a blood alcohol level of .189%.

Defendant discovered that Gate 4 conducts continuous video surveillance and requested any footage of himself the day in question. The United States informed Defendant that there never was any such footage or, if there was, it has been lost due to automatic tape over after a certain number of days.

### Discussion

Defendant cites no authority in support of his motion.

The United States argues that the motion should be denied due to lack of allegation or showing of loss of evidence due to "bad faith" on the part of authorities. For the reasons below, the United States' argument is persuasive.[1]

In *United States v. Hofstetter*, the Sixth Circuit recently explained that, where (as here) the exculpatory value of the evidence in question is "indeterminate," or only "potentially useful" to the defense,[2] Defendant must prove "bad faith" on the part of authorities:

> ... Under *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), a defendant's due process rights are violated when material exculpatory evidence is suppressed, regardless of whether the suppression results from good or bad faith. *United States v. Jobson*, 102 F.3d 214, 218 (6th Cir. 1996). But when the government "fails to preserve evidence whose exculpatory value is indeterminate and only 'potentially useful' to [a] defendant, we apply a different test." *Id.* (internal quotation omitted). Potentially useful evidence is that "of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant." *Arizona v. Youngblood*, 488 U.S. 51, 57, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988) (emphasis added). In this scenario, a defendant must establish three elements: (1) that the government acted in bad faith when it failed to preserve the evidence; (2) that the exculpatory value of the evidence was apparent before it was destroyed; and (3) that the defendant would not be able to obtain comparable evidence by other reasonable means. *Jobson*, 102 F.3d at 218 (citing *Youngblood*, 488 U.S. at 57–58, 109 S.Ct. 333).

*United States v. Hofstetter*, 31 F.4th 396, 430 (6th Cir. 2022). Defendant has neither alleged nor shown "bad faith" on the part of authorities in the loss of any video surveillance footage that may have existed

---

[1] The Court distinguishes the present situation -- where the potentially exculpatory evidence either never existed or was automatically lost -- from one in which the evidence (e.g., police dash or body camera evidence) existed but authorities intentionally destroyed it or refuse to turn it over to a defendant.

[2] In *United States v. Alas*, the Arizona District Court explained the difference between evidence that is "material and exculpatory" and evidence that is "potentially useful" to the defense:

> Generally, evidence is material and exculpatory if it is clearly favorable to the accused, such as the confession of a co-defendant or a victim's criminal record supporting a defendant's claim of self-defense. *United States v. Agurs*, 427 U.S. 97, 114, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *see also United States v. Brady*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). "Potentially useful evidence" is evidence that "could have been subjected to tests, the results of which might have exonerated the defendant," such as Breathalyzer samples or seized cocaine. *See Illinois v. Fisher*, 540 U.S. 544, 546, 124 S.Ct. 1200, 157 L.Ed.2d 1060 (2004); *see also Youngblood*, 488 U.S. at 57.

*United States v. Alas*, No. CR 08-874-TUC-CKJ, 2009 WL 504687, at *3 (D. Ariz. Feb. 27, 2009).

of him on the day in question. On the contrary, it is undisputed that the potentially exculpatory evidence either never existed or was automatically lost.

There are two other reasons why Defendant's motion is subject to denial.

First, there is no allegation or showing that the value of the evidence was apparent before it was lost.

Second, even if the footage existed and even if it showed that Defendant did not fail field sobriety testing (or there otherwise was a lack of probable cause to arrest him for blood alcohol testing), this would not make the footage "exculpatory," or "exonerating," in the sense of indicating he was not guilty of DUI. Such footage would merely have supported a motion to suppress the blood alcohol test results.[3]

### Order

For the foregoing reasons, the Court hereby DENIES Defendant's motion to prohibit any trial "testimony of the officers regarding the incidents which occurred at Gate 4 on November 14, 2020."

Lanny King, Magistrate Judge
United States District Court

**ENTERED**
JAMES J. VILT JR., CLERK
5/13/2022
U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
Melody Morris

---

[3] The Circuits are split over whether *Brady* should be extended to evidence that is material to a motion to suppress. *See United States v. Thomas*, 835 F.3d 730, 734 (7th Cir. 2016) (discussing the split). To the knowledge of this Opinion, the Sixth Circuit has not weighed in on the matter. *See United States v. Taylor*, 471 F. App'x 499, 520 (6th Cir. 2012) (noting that "[t]he Sixth Circuit has never decided whether *Brady* protections are applicable to a suppression hearing").